UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:14-CV-3137-T-26 EAJ

WALTER MONTGOMERY,

        Plaintiff,

v.

TITAN FLORIDA, LLC,

        Defendant.
_____/

## DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT OR FOR MORE DEFINITE STATEMENT; or ALTERNATIVELY, MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW AGAINST PLAINTIFF'S COMPLAINT

Defendant, TITAN FLORIDA, LLC, by and through undersigned counsel, pursuant to Rule 12(b), (e) and (f) of the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida, and any other applicable Rules or law, moves to strike or for a more definite statement; or alternatively, to dismiss Plaintiff's Complaint and states as follows:

### MEMORANDUM OF LAW

**I.    LEGAL STANDARD**

If a pleading is vague and ambiguous, a party may move for a more definite statement pursuant to Rule 12 (e) F.R.Civ.P. *See e.g.*, Cesnick v. Edgewood Baptist Church, 88 F.3d 902, 907 n. 13 (11th Cir.1996), "When pleadings are unclear, the Court may *sua sponte* strike the pleading or require a more definite statement." In ruling on a motion to strike, Rule 12(f) provides in relevant part that "[u]pon motion made by a party before responding to a pleading . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f) (2006). Badesch v. Aetna Health, Inc., Slip Copy, 2008 WL 2856599, (S.D.Fla. July 23, 2008).

On a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim, the Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Kendall v. Shinseki, 2014 U.S. Dist. LEXIS 101765 (M.D. Fla., July 25, 2014) *citing* Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, the Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

Although a Title VII complaint need not allege facts sufficient to make out a classic McDonnell Douglas *prima facie* case, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511, 122 S.Ct. 992, 997, 152 L.Ed.2d 1 (2002), it must provide "enough factual matter (taken as true) to suggest" intentional race discrimination. *See* Davis v. Coca-Cola Bottling Co. Consolidated, 516 F.3d 955, 974 (11th Cir.2008) (holding allegation in pleading that "plaintiffs were denied promotions . . . and treated differently than similarly situated white employees solely because of [ ] race" epitomizes speculation and therefore does not amount to a short and plain statement of [a] claim under Rule 8(a)).[1]

---

[1] Discriminatory intent can be established through either direct or circumstantial evidence. Schoenfeld v. Babbitt, 168 F.3d 1257, 1266 (11th Cir.1999). "Direct evidence of discrimination is evidence, that, 'if believed, proves [the] existence of [a] fact in issue without

Finally, the duty to accept the facts of the complaint as true does not require the Court to ignore the specific factual details of the pleading in favor of general or conclusory allegations. When the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern. *See* Riggins v. Polk County, 2014 U.S. Dist. LEXIS 109717 (M.D. Fla. Aug. 8, 2014) *citing* Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974). Accordingly, Plaintiff's complaint should be dismissed.

## II. INTRODUCTION

Plaintiff alleges, *inter alia*, Defendant discriminated against him by terminating him two (2) days after he was allegedly assaulted by a white co-worker who used a racial slur during the altercation. Plaintiff has plead five counts: (2) Title VII - Race and Retaliation; (2) State law - Race and Retaliation; and (1) Florida Whistleblower Act. Because most, if not all, of the factual paragraphs incorporated into, and which purport to support, the five (5) causes of action are objectionable, Plaintiff's Complaint fails to state a claim upon which the Court can grant relief and should be dismissed.

---

inference or presumption.'" Id. (quoting Burrell v. Board of Trustees of Ga. Military College, 125 F.3d 1390, 1393 (11th Cir.1997).) Racially derogatory statements can be direct evidence if the comments were (1) made by the decision maker responsible for the alleged discriminatory act and (2) made in the context of the challenged decision. *See* Wheatley v. Baptist Hosp. of Miami, Inc., 16 F.Supp.2d 1356, 1359-60, aff'd, 172 F.3d 882 (11th Cir.1999) (emphasis added). However, if an alleged statement fails either prong it is considered a "stray remark" and does not constitute direct evidence of discrimination. Id. Here, it is undisputed the alleged racially derogatory remark was made by a co-worker and not in the context of the challenged decision: Thus, even in a light most favorable to the Plaintiff, the 'stray remark' fails both prongs. *See e.g.*, Vickers v Federal Express Corp., 132 F. Supp. 2d 1371 (S.D. Fla.2000).

### III.  PLAINTIFF'S COMPLAINT SUBSTANTIALLY EXCEEDS THE SCOPE OF HIS EEOC CHARGE, AND THEREFORE IS SUBJECT TO DISMISSAL

A plaintiff must exhaust his available administrative remedies by first filing a charge with the EEOC. Anderson v. Embarq / Sprint, 379 F. App'x 924, 926 (11th Cir.2010). "The starting point of ascertaining the permissible scope of a judicial complaint alleging employment discrimination is the administrative charge and investigation." Id. The Eleventh Circuit has stated that a plaintiff's complaint is "limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Alexander v. Fulton County, Ga., 207 F.3d 1303, 1332 (11th Cir.2000).

Here, Plaintiff's allegations in his Complaint vastly exceed the scope of his EEOC charge. **See Exhibit "A"**. As set forth above for purposes of this motion, the Court must accept the factual allegations of the complaint as true. The duty to accept the facts of the complaint as true, however, does not require that the Court ignore the specific factual details of the pleading in favor of general or conclusory allegations. "When the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." See Riggins v. Polk County, 2014 U.S. Dist. LEXIS 109717 (M.D. Fla. Aug. 8, 2014) citing Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974).

Plaintiff alleges in paragraphs 9 and 10 that he satisfied the prerequisite administrative conditions by dual filing his charge of discrimination on May 15, 2014. **Complaint [D.E. #1].** Plaintiff also alleges he received a Notice of Right to Sue (RTS) Letter from the EEOC dated September 22, 2014. Id. **See Exhibit "B"**. Plaintiff failed to attach either his EEOC charge or the RTS Letter. Because the Plaintiff incorporated both documents by reference, the Court may refer

to the actual documents.[2] **See Exhibits "A" and "B"**. Plaintiff's EEOC Charge of Discrimination is limited to one alleged assault by a white co-worker on May 7, 2014, in which the employer believed Plaintiff to be the aggressor, and for which both the white co-worker and Plaintiff were terminated. Nevertheless, Plaintiff seeks damages and relief for numerous other alleged discriminatory conduct far beyond even a liberal interpretation of his EEOC charge:

**Paragraph 14**: "Plaintiff complained on a number of occasions . . . Concerning the unequal, unfair, and discriminatory treatment . . ." This paragraph contains generalized and conclusory statements without any supporting facts; was not alleged in Plaintiff's EEOC Charge, and does not arise out of the alleged assault by a co-worker on May 7, 2014.

**Paragraph 15**: "Plaintiff told Trey Reese in 2013 that Dan Whitman and Tom Saxon were prejudiced against blacks and him in particular. No results of any investigation were conveyed to Plaintiff." Again, this paragraph contains generalized and conclusory statements without any supporting facts of the alleged 'prejudice'; was not alleged in the EEOC charge, and does not arise out of the alleged assault by a co-worker on May 7, 2014.

**Paragraph 16**: "Tom Saxon continued to discriminate against Plaintiff in January 2014 . . . in letting white drivers go home early . . . and leaving Plaintiff at the Plant later in the day . . ." These allegations attempt to allege disparate treatment, however, they were not set forth in his EEOC charge; and do not arise out of, or relate to, the alleged assault by a co-worker on May 7, 2014.

**Paragraph 17**: "There were numerous times in 2014 when Plaintiff called Tom Murphy for FMLA and vacation information but Mr. Murphy failed and refused to return his calls."

---

[2] The Eleventh Circuit has adopted the 'incorporation by reference' doctrine under which a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed. See <u>Horsley v. Feldt</u>, 304 F.3d 1125, 1134 (11th Cir. 2002). Here, the EEOC Charge and Right To Sue Letter satisfy both requirements.

These allegations fail to state a claim as they do not allege any discrimination - simply an alleged lack of responsiveness; were not set forth in the EEOC Charge, and do not arise out of, or relate to, the alleged assault by a co-worker on May 7, 2014.

**Paragraph 18**: "Plaintiff also complained to Julie Palmer of HR in March 2014 . . . that he was being treated unfairly, [his superiors] were "prejudiced"[against him] and were unfairly issuing reprimands." These allegations are generalized and lack any factual detail; were not set forth in the EEOC Charge, and do not arise out of alleged assault by a co-worker on May 7, 2014, and do not allege discrimination.

**Paragraph 20**: "Upon information and belief, other African Americans who complained about discriminatory treatment were retaliated against and terminated." This paragraph should be stricken/dismissed because it is vague and conclusory, Rose v. Goldman, Sachs & Co. Inc., 163 F. Supp. 2d 238, 242-43 (S.D.N.Y. 2001)('Upon information and belief' allegations not sufficient to withstand motion to dismiss) ; *see also* Cox v. Worldpay US, Inc., 2014 U.S. Dist. LEXIS 125110 (M.D. Fla. Sept. 8, 2014) *citing* Ellis v. England, 432 F.3d 1321, 1327 (11th Cir. 2005) ("[M]ere conclusions and unsupported factual allegations, as well as affidavits based, in part, upon information and belief, rather than personal knowledge, are insufficient to withstand a motion for summary judgment regarding *prima facie* gender discrimination claim."). These allegations were not set forth in Plaintiff's EEOC charge, nor do they arise out of the alleged assault by a co-worker on May 7, 2014.

**Paragraph 21**: "At least one other African American who complained about DOT violations was terminated." These allegations are generalized and lack any factual detail regarding the 'who', 'when', or 'what' alleged DOT violations to which Plaintiff refers; were not set forth in Plaintiff's

EEOC Charge, and do not arise out of the alleged assault by a co-worker on May 7, 2014, and do not allege discrimination.

**Paragraph 23**: "Throughout his tenure with Defendant, Plaintiff was also treated differently and reprimanded for "offenses" committed by others who were similarly situated, but not reprimanded." These allegations are generalized and lack any factual detail regarding 'how' he was "treated differently" and fails to provide any factual detail regarding alleged "offenses" committed by others, or 'who' was similarly situated; were not set forth in Plaintiff's EEOC Charge - are time barred if such alleged disparate treatment occurred more than 300 days prior to May 22, 2014;[3] and do not arise out of the alleged assault by a co-worker on May 7, 2014, and do not sufficiently allege discrimination.

Here, Plaintiff filed his EEOC Charge after Defendant terminated him. Montgomery's EEOC Charge asserts only one act of discrimination: The termination of his employment due to his involvement in an alleged assault by a white co-worker. The Charge specifically asserts the discrimination started on May 7 and ended on May 9, 2014 with his termination. *See* Mecca v. Fla. Health Scis. Ctr. Inc., No. 8:12-cv-2561-T-30TBM, 2013 U.S. Dist. LEXIS 4006, 2013 WL 136212, at *4 (M.D. Fla. Jan. 10, 2013) (finding plaintiff's charge of discrimination asserted only one act of discrimination, the termination of employment due to disability, and that plaintiff failed to show how "being subject to a hostile work environment was like or related to, or grew out of, the termination of his employment").

Accordingly, based on the foregoing Plaintiff's complaint fails to state a claim, and the numerous paragraphs set forth above should be dismissed or stricken.

---

[3] An employee must file the charge with the EEOC within 300 days of the employment practice." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002); 42 U.S.C. § 2000e-5(e). "A claim is time barred if it is not filed within [that] time limit." Morgan, 536 U.S. at 109.

IV. **PLAINTIFF'S COUNT FIVE: FLORIDA WHISTLE BLOWER ACT IS VAGUE AND AMBIGUOUS; THEREFORE, IT FAILS TO STATE A *PRIMA FACIE* CLAIM**

Plaintiff alleges at paragraph 51 that he "complained and objected to Defendant's practice of requiring him and other drivers to work/drive in excess of the DOT regulations." The DOT has numerous regulations governing the construction industry. Plaintiff fails to cite the specific DOT regulation upon which he relies, and does not identify a single specific instance he allegedly was forced to work/drive in excess of the unidentified, DOT regulation.

The Florida Whistleblower Act provides:

An employer may not take any retaliatory personnel action against an employee because the employee has:

> (1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to cor-rect the activity, policy, or practice.
>
> (2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer.
>
> (3) Objected to, or refused to participate in, any ac-tivity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

§ 448.102, Fla. Stat. (2012).

Florida applies the framework for Title VII retaliation claims when evaluating Whistleblower Act claims. *See* Bell v. Georgia--Pacific Corp., 390 F. Supp. 2d 1182, 1187 (M.D. Fla. 2005); Rice-Lamar v. City of Fort Lauderdale, 853 So. 2d 1125, 1132 (Fla. 4th DCA 2003). Therefore, to

establish a claim under the Act, an employee must prove: (1) there was a statutorily protected activity; (2) an adverse employment action occurred; and (3) there was a causal link between the protected activity and the adverse employment action. Bell, 390 F. Supp. 2d at 1187-88.

Accordingly, to survive a motion to dismiss, Plaintiff must sufficiently establish that he objected to an activity, policy, or practice of Defendant that *actually* violated a law, rule, or regulation. *See* Vargas v. Lackmann Food Serv., Inc., 510 F. Supp. 2d 957, 968 (M.D. Fla. 2007). Here, Plaintiff attempts to satisfy the first element by alleging that he "complained and objected to Defendant's practice of requiring him and other drivers to work/drive in excess of the DOT regulations." Without more, this conclusory allegation does not satisfy the pleading requirement set forth in Fed. R. Civ. P. 8(a). *See* Devries v. Fla. Cancer Specialists, P.L., 2014 U.S. Dist. LEXIS 102593 (M.D. Fla. July 28, 2014) *citing* Stubblefield v. Follett Higher Educ. Grp., Inc., No. 8:10-cv-824-T-24-AEP, 2010 U.S. Dist. LEXIS 50393, 2010 WL 2025996, at *4 (M.D. Fla. May 20, 2010)(finding that the complaint failed to allege conduct sufficient to demonstrate an actual violation of law).

Further, Plaintiff's complaint is so vague and ambiguous he is unable to establish the third prong, causation: between the alleged protected activity and his adverse employment action. Indeed, Plaintiff doesn't even mention the alleged DOT or Whistleblower issues in his EEOC Charge as grounds for his termination - he plainly and simply set forth one act - the alleged May 7, 2014 assault with a co-worker. Nevertheless, even viewing the evidence in the light most favorable to Plaintiff's claims, however, he is unable to establish a *prima facie* case under Eleventh Circuit controlling authority, regarding causation. *See* Smith v. Airtran Airways, Inc., 744 F. Supp. 2d 1274 (M.D. Fla. 2010) *citing* Brown v. Alabama Department of Transportation (in the absence of other evidence of retaliation, intervals longer than three months would be insufficient as a matter of law to find

retaliation) 597 F.3d 1160, 1182 (11th Cir. 2010) (quoting Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273, 121 S. Ct. 1508, 149 L. Ed. 2d 509 (2001)). *See also*, Drago v. Jenne, 453 F.3d. 1301, 1307-08 (11th Cir.2006) (three-month interval between protected acts and adverse actions is too long to establish causal connection). Accordingly, Plaintiff's Count Five should be dismissed.

## V. CONCLUSION

Based on the foregoing, Defendant, TITAN FLORIDA, LLC, respectfully requests the Honorable Court:

i. grant Defendant's Motion to Strike/Dismiss paragraphs 14-18, 20, 21 and 23 contained in Plaintiff's Complaint on the grounds set forth above;

ii. grant Defendant's Motion to Dismiss Counts One through, and including, Four contained in Plaintiff's Complaint because such Counts are based primarily on paragraphs 14-18, 20, 21 and 23, which are objectionable on the grounds set forth above;

iii. grant Defendant's Motion to Dismiss Count Five regarding Florida's Whistleblower Act in Plaintiff's Complaint on the grounds set forth above;

iv. and for such other and further relief as the Court deems just and proper.

Dated: January 15, 2015

/s/ Stephen A. Smith, Esquire
Stephen A. Smith, Esquire
ssmith@pallolaw.com
Florida Bar No. 0488194
Pallo, Marks & Hernandez, P.A.
4800 Riverside Drive, Suite 101
Palm Beach Gardens, FL  33410
Telephone: (561) 624-1051
Facsimile: (561) 624-7441
***Attorneys for Defendant***
**Titan Florida, LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of January 2015, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of notices of electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive notices of electronic filing.

/s/ Stephen A. Smith, Esquire
Stephen A. Smith, Esquire
ssmith@pallolaw.com
Florida Bar No. 0488194
Pallo, Marks & Hernandez, P.A.
4800 Riverside Drive, Suite 101
Palm Beach Gardens, FL  33410
Telephone: (561) 624-1051
Facsimile:  (561) 624-7441
*Attorneys for Defendant*
*Titan Florida, LLC*

## SERVICE LIST

Claire Saady, Esquire
Florida Bar No. 0102954
Saady & Saxe, P.A.
205 Crystal Grove Blvd.
Lutz, Florida 33348
Tel. No. (813) 909-8855
E-Mail: claire@saadyandsaxe.com
*Attorneys for Plaintiff*

Stephen A. Smith, Esquire
Florida Bar No. 0488194
Pallo, Marks, Hernandez,
Gechijian & DeMay, P.A.
4100 RCA Blvd., Suite 100
Palm Beach Gardens, FL  33410
Telephone: (561) 624-1051
Facsimile:  (561) 624-7441
E-Mail: ssmith@pallolaw.com
*Attorneys for Defendant*

EEOC FORM 131 (11/09)

# U.S. Equal Employment Opportunity Commission

| | |
|---|---|
| Ms. Palmer Julie, HR Manager<br>TITAN AMERICA<br>1151 Azalea Garden Rd<br>Norfolk, VA 23502 | **PERSON FILING CHARGE**<br><br>**Walter F. Montgomery**<br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br><br>EEOC CHARGE NO.<br>**511-2014-01723** |

## NOTICE OF CHARGE OF DISCRIMINATION
(See the enclosed for additional information)

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act (Title VII)   [ ] The Equal Pay Act (EPA)   [ ] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)   [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **16-JUN-14** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [X] Please respond fully by **16-JUN-14** to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by **16-JUN-14** to **Norma Kinder, ADR Coordinator, at (813) 202-7932**
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| | |
|---|---|
| **Katie B. Garnett, Investigator**<br>EEOC Representative<br>Telephone **(813) 202-7923** | **Tampa Field Office**<br>**501 East Polk Street**<br>**Room 1000**<br>**Tampa, FL 33602**<br>Fax: (813) 228-2841 |

Enclosure(s): [X] Copy of Charge

**CIRCUMSTANCES OF ALLEGED DISCRIMINATION**

[X] Race  [ ] Color  [ ] Sex  [ ] Religion  [ ] National Origin  [ ] Age  [ ] Disability  [X] Retaliation  [ ] Genetic Information  [ ] Other

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| May 15, 2014 | Georgia M. Marchbanks, Director | *Georgia M. Marchbanks* |

**EXHIBIT "A"**

EEOC Form 5 (11/09)

| | | |
|---|---|---|
| **CHARGE OF DISCRIMINATION**<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>511-2014-01723 |

**Florida Commission On Human Relations** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Walter F. Montgomery | (813) 424-8038 | 08-18-1976 |

Street Address: 9316 Grandfield Rd., Apt B     City, State and ZIP Code: Thonotosassa, FL 33592

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| TITAN AMERICA | 15 - 100 | (813) 645-5976 |

Street Address: 515 Cameron Drigger'S Rd, Ruskin, FL 33575

DISCRIMINATION BASED ON (Check appropriate box(es).)
☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                Latest
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. **PERSONAL HARM**: I was hired in July 2006, in the position of Truck Driver. On May 7, 2014, I was assaulted by Alan Lewis; he spit in my face, he hit me on the left side of my face and as I was walking away kicked me. He also said, "nigga I will kick ass again". I never hit him first nor did I attempt to hit him back, I walked away. I complained to Phillip Thomas, supervisor, John Miller, Operations Manager and Tom Murphy, Human Resources Director. The incident was also recorded on video. On May 9, 2014, I was discharged from my position.

II. **RESPONDENT'S REASON FOR ADVERSE ACTION**: Because I was warned about my past and it was his opinion that I was the aggressor.

III. **STATEMENT OF DISCRIMINATION**: I believe I have been discriminated against because of my race, African American and Retaliation, internal complaint, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

May 15, 2014    /s/ Walter Montgomery
Date                  Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)



**U.S. Equal Employment Opportunity Commission**
**Tampa Field Office**

501 East Polk Street
Room 1000
Tampa, FL 33602
(813) 228-2310
TTY (813) 228-2003
Fax: (813) 228-2841

Charging Party: Walter F. Montgomery
EEOC Charge No.: 511-2014-01723

May 15, 2014

Ms. Julie Palmer, HR Manager
TITAN AMERICA
1151 Azalea Garden Rd
Norfolk, VA 23502

Dear Ms. Palmer:

Your organization is hereby requested to submit information and records relevant to the subject charge of discrimination. The Commission is required by law to investigate charges filed with it, and the enclosed request for information does not necessarily represent the entire body of evidence which we need to obtain from your organization in order that a proper determination as to merits of the charge can be made. Please submit a response to the requested information by the deadline cited below.

The information will only be disclosed in accordance with 29 C.F.R. 1601.22, or otherwise made public if the charge results in litigation.

Sincerely,

Katie B. Garnett
Investigator

Response Deadline Date: June 16, 2014

The following dates are considered to be the "relevant period" for the attached Request for Information:
May 7, 2014 - May 9, 2014

2. Describe any personnel action(s) involving Charging Party taken after the earliest date any person in your organization had knowledge of Charging Party's allegation(s) of discrimination. Submit all documents which state, describe, reference, or relate to these personnel actions.

EEOC Form 161 (11/09)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Walter F. Montgomery
9316 Grandfield Rd.
Thonotosassa, FL 33592

From: Tampa Field Office
501 East Polk Street
Room 1000
Tampa, FL 33602

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 511-2014-01723 | Jahaira Quintana, Investigator | (813) 202-7940 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*  SEP 2 2 2014

Enclosures(s)

Georgia M. Marchbanks,
Director

*(Date Mailed)*

cc: Palmer Julie
HR Manager
TITAN AMERICA
1151 Azalea Garden Rd
Norfolk, VA 23502


EXHIBIT "B"

Enclosure with EEOC
Form 161 (11/09)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit *before 7/1/10* – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA ☒ EEOC | 511-2014-01723 |

**Florida Commission On Human Relations** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Walter F. Montgomery | (813) 424-8038 | 08-18-1976 |

Street Address: 9316 Grandfield Rd., Apt B Thonotosassa, FL 33592

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| TITAN AMERICA | 15 - 100 | (813) 645-7876 |

Street Address: 515 Cameron Drigger's Rd, Ruskin, FL 33575

DISCRIMINATION BASED ON (Check appropriate box(es).)
☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest       Latest

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**I. PERSONAL HARM:** I was hired in July 2006, in the position of Truck Driver. On May 7, 2014, I was assaulted by Alan Lewis; he spit in my face, he hit me on the left side of my face and as I was walking away kicked me. He also said, "nigga I will kick ass again". I never hit him first nor did I attempt to hit him back, I walked away. I complained to Phillip Thomas, supervisor, John Miller, Operations Manager and Tom Murphy, Human Resources Director. The incident was also recorded on video. On May 9, 2014, I was discharged from my position.

**II. RESPONDENT'S REASON FOR ADVERSE ACTION:** Because I was warned about my past and it was his opinion that I was the aggressor.

**III. STATEMENT OF DISCRIMINATION:** I believe I have been discriminated against because of my race, African American and Retaliation, internal complaint, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: May 15, 2014
Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)