## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

WALTER MONTGOMERY,

      Plaintiff,

v.                                             CASE NO: 8:14-cv-3137-T-26EAJ

TITAN FLORIDA, LLC,

      Defendant.

_____/

## O R D E R

Before the Court is of Defendant's Motion to Strike Portions of Plaintiff's

Complaint or For More Definite Statement, or Alternatively, Motion to Dismiss (Dkt. 9),

and Plaintiff's Response.  (Dkt. 10).  After careful consideration of the allegations of the

Complaint (Dkt. 1), the argument of the parties, and the applicable law, the Court

concludes that the Motion should be denied.

### PERTINENT ALLEGATIONS

The complaint seeks relief against Plaintiff's former employer in five counts for

Title VII race-based violations (Count I), race-based discrimination under the Florida

Civil Rights Act (FCRA) (Count II), retaliation under Title VII for the conduct alleged in

count one (Count III), retaliation under the FCRA for the conduct alleged in count two

(Count IV), and violations of the Florida Whistleblower Act, section 448.101 *et seq.*,

Florida Statutes (FWA) (Count V).  The facts underlying the complaint stem from Plaintiff's employment over the course of almost eight years with Defendant, a trucking company.  During his employment, Plaintiff complained of violations of the regulations of the Department of Transportation (DOT) regarding excess driving hours.  Plaintiff, an African-American man, began complaining of racially discriminatory treatment in 2013. The complaint names the individuals committing the discrimination and names the individuals to whom Plaintiff complained.  On May 9, 2014, Plaintiff was terminated "after a white employee spit on him, punched him in the face, kicked him and called him a 'nigga.'" (Dkt. 1, para. 22).  All of the dates of the administrative proceedings are set forth in the complaint.

### STANDARD OF REVIEW

A motion to strike under Federal Rule of Civil Procedure 12(f) is used to rid a complaint of "any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike may be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."  United States v. MLU Servs., Inc., 544 F.Supp. 2d 1326, 1330 (M.D. Fla. 2008) (quoting Reyher v. Trans World Airlines, Inc., 881 F.Supp. 574, 576 (M.D. Fla 1995)).  Motions to strike are "generally disfavored by the Court and are often considered time wasters." MLU Servs., Inc., 544 F.Supp. 2d at 1330 (quoting Somerset Pharm., Inc. v. Kimball, 168 F.R.D. 69, 71 (M.D. Fla. 1996)).

A motion for more definite statement under Federal Rule of Civil Procedure 12(e) is properly directed toward a pleading that "is so vague or ambiguous" that the responding party cannot form a response.  See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366-67 (11th Cir. 1996).  The notice pleading requirements of Rule 8(a) are considered when evaluating a motion for definite statement.  See Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959) (instructing that Rule 12(e) should not be used to frustrate notice pleading policy).[1]  Generally, Rule 12(e) is directed toward pleadings that lack "sufficient specificity to provide adequate notice."  Barthelus v. G4S Gov't Solutions, Inc., 752 F.3d 1309, 1313 n.6 (11th Cir. 2014) (quoting Justice Stevens' dissent in Twombly, 550 U.S. at 590 n.9).

A complaint sought to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), will survive the motion if it contains sufficient facts, which must be accepted as true,[2] to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Rule 8 does not require detailed factual allegations, but the complaint must offer more than mere "labels

---

[1]   In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions issued prior to October 1, 1981.

[2]   "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).

and conclusions" or "a formulaic recitation of the elements of a cause of action." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

## ANALYSIS

Defendant uses the three vehicles set forth above to urge this Court to require the filing of an amended complaint. With respect to the first four counts, Defendant contends that the complaint substantially exceeds the scope of the EEOC[3] charge, and therefore the offending materials must be stricken or the complaint amended. See Alexander v. Fulton Cnty., Ga., 207 F.3d 1303, 1332 (11th Cir. 2000) (quoting Mulhall v. Advance Sec., Inc., 19 F.3d 586, 589 n. 8 (11th Cir. 1994), that a "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."), overruled on other grounds by Manders v. Lee, 338 F.3d 1304, 1328 n. 52 (11th Cir. 2000). The fifth count of the complaint, according to Defendant, is so vague and ambiguous that it fails to state a *prima facie* case under the FWA and must be dismissed.

The first four counts of the complaint allege sufficient, pertinent facts to withstand a motion to strike, motion for more definite statement, and motion to dismiss. As Plaintiff points out, the Eleventh Circuit has refined the particular inquiry in determining the scope of allegations with respect to the EEOC charge. See Gregory v. Georgia Dep't of Human Res., 355 F.3d 1277, 1279-80 (11th Cir. 2004). "[T]he proper inquiry . . . is

---

[3]   Equal Employment Opportunity Commission.

whether [the complaint to the district court] was like or related to, or grew out of, the allegations contained in [the] EEOC charge." Gregory, 355 F.3d at 1280; see also Pizzini v. Sec'y for Dep't of Homeland Sec., 495 F.App'x 991, 994 n.3 (11ᵗʰ Cir. 2012) (unpublished opinion) (referencing the Gregory inquiry).   Moreover, the failure to specifically include every fact in the EEOC charge does not necessarily preclude judicial review of those factual allegations.   Kelly v. Dun & Bradstreet, Inc., 557 F.App'x 896, 899 (11ᵗʰ Cir. 2014) (unpublished opinion) (citing Gregory, 355 F.3d at 1280).   Against this backdrop, the Court finds that Counts I through IV do not run afoul of Eleventh Circuit law concerning the pleading of matters outside the permissible scope of the EEOC charge, as best as can be determined at this stage in the proceedings.

The fifth count of the complaint alleges sufficient facts to state a *prima facie* case of violations of the FWA.   To prevail on a claim brought pursuant to the FWA, the plaintiff must show that 1) he "objected to or refused to participate in any illegal activity, policy or practice" of the defendant; 2) he "suffered an adverse employment action;" and 3) "the adverse employment action was causally linked to [his] objection or refusal."   Fla. Stat. §§ 448.101, *et seq*.; Aery v. Wallace Lincoln-Mercury, LLC, 118 So.3d 905, 916 (Fla.Dist.Ct.App. 2013).   Defendant argues that the FWA requires that the activity, policy or practice objected to must be, *in fact*, a violation of a law, rule or regulation, relying on Vargas v. Lackmann Food Serv., Inc., 510 F.Supp.2d 957, 968 (M.D. Fla. 2007).

This Court has recently addressed the issue of whether, based on Florida law, an actual violation is necessary to prove a *prima facie* case under the FWA.[4]  The standard set forth in <u>Aery</u> does not require an actual violation but rather a "good faith, objectively reasonable belief" that Plaintiff's activity is protected by the statute.[5]  Since the time <u>Aery</u> was decided, federal courts either have applied or taken note of <u>Aery</u> as the latest statement on Florida's substantive law.  See <u>Odom v. Citigroup Global Markets, Inc.</u>, No. 3:11-cv-75-RS-EMT, 2014 WL 6610069, at *4 (N.D. Fla. Nov. 20, 2014); <u>Hernandez v. Publix Super Markets, Inc.</u>, 11 F.Supp.3d 1177, 1183 (S.D. Fla. 2014).[6]  This Court has now found, however, that <u>Aery</u> may soon no longer be the latest statement on Florida law, because another Florida appellate court, as recently as last week, has declined to follow <u>Aery</u> on this precise issue.  See <u>Kearns v. Farmer Acquisition Co.</u>, No. 2D12-6388, 2015 WL 574007 (Fla.Dist.Ct.App. Feb. 11, 2015) (slip op., not yet final).  Regardless of the

---

[4]  <u>See</u> <u>Canalejo v. ADG, LLC</u>, No. 8:14-cv-17-T-26MAP, at docket 84 at pp. 10-12 (Order denying summary judgment dated Jan. 29, 2015).

[5]  The Court notes that <u>Stubblefield v. Follett Higher Educ. Grp., Inc.</u>, No. 8:10-cv-824-T-24AEP, 2010 WL 2025996 (M.D. Fla. May 20, 2010), which was cited by Defendant and references the "actual violation" requirement, was decided before <u>Aery</u>. To the extent <u>Devries v. Florida Cancer Specialists, P.L.</u>, No. 8:14-cv-1365-T-33TGW, 2014 WL 3721349, at *3 (M.D. Fla. July 28, 2014), appears to follow <u>Stubblefield</u> in this regard, perhaps the parties did not cite to <u>Aery</u>.

[6]  <u>See also</u> <u>Bonnafant v. Chico's FAS, Inc.</u>, 17 F.Supp.3d 1196, 1201 (M.D. Fla. 2014); <u>Denarii Sys., LLC v. Arab</u>, No. 12-24239-CIV, 2014 WL 2960964, at *3 (S.D. Fla. Jun. 30, 2014).

future status of Florida law on this issue, the Court finds Count V survives dismissal.

Count V will best be left for resolution after development of the facts through discovery.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Strike

Portions of Plaintiff's Complaint or For More Definite Statement, or Alternatively,

Motion to Dismiss (Dkt. 9) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, on February 18, 2015.


     s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**


COPIES FURNISHED TO:
Counsel of Record